ALICE M. BATCHELDER, Chief Judge,
concurring.
The district court considered the evidence and argument properly before it, found material issues of fact in dispute, identified those disputed issues, and denied the officer’s claim of qualified immunity on that basis. “This kind of order ... is not appealable.” Johnson v. Jones, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).
For one thing, the issue here at stake — the existence, or nonexistence, of a triable issue of fact — is the kind of issue that trial judges, not appellate judges, confront almost daily....
For another thing, questions about whether or not a record demonstrates a ‘genuine’ issue of fact for trial, if appeal-able, can consume inordinate amounts of appellate time....
For a third thing, the close connection between this kind of issue and the factual matter that will likely surface at trial means that the appellate court ... may well be faced with approximately the same factual issue again, after trial....
The upshot is that ... immunity appeals interfere less with the final judgment rule if they are limited to cases presenting neat abstract issues of law.
We recognize that ... a district court’s denial of summary judgment ... forces public officials to trial. And, to that extent, it threatens to undercut the very policy (protecting public officials from lawsuits) that ... militates in favor of immediate appeals. Nonetheless, the *77 countervailing considerations that we have mentioned (precedent, fidelity to statute, and underlying policies) are too strong to permit ... appeals from orders of the sort before us.
Id. at 316-18, 115 S.Ct. 2151 (citations omitted).
The dissent would have us conduct a plenary review of the record, draw our own conclusion about the materiality of the factual dispute, and substitute our opinion for that of the district court. I must agree with the majority opinion that Jones forbids this approach.
I concur in the majority opinion’s holding that we are precluded from taking appellate jurisdiction over this otherwise interlocutory appeal because the district court’s order was based on its finding that disputed issues of material fact remain for trial. See id. at 319,115 S.Ct. 2151.